UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 23-cv-00551-BJD-JBT

LUXOTTICA GROUP S.p.A., an Italian corporation,
OAKLEY, INC., a Washington corporation, and
COSTA DEL MAR, INC., a Florida corporation,

      Plaintiffs,

v.

BEEMER & ASSOCIATES III, LLC, a Florida limited
liability company, ATLANTIC SELF STORAGE, LLC,
Florida limited liability company d/b/a "BEACH BLVD.
FLEA MARKET", MAHMOUD ASHOURIAN and
ELAINE ASHOURIAN, individually.

      Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery

Material to anyone else except as expressly permitted hereunder. Discovery Material means information of any kind provided in the course of discovery in this action. Confidential Discovery Material means any Discovery Material, or any portion of any Discovery Material, bearing the designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order.

2.     The person producing any given Discovery Material may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only " any portion of such material that the party, in good faith, believes contains proprietary information that is used by it in, or pertaining to, its business which information is not generally known and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including but not limited to:

(a)     financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)     material previously nondisclosed to the public relating to ownership or control of any non-public company;

(c)     business plans, trade secrets, product development information, competitively sensitive technical information, confidential marketing plans, or other confidential business information previously nondisclosed to the public;

(d)     any information of a personal or intimate nature regarding any individual;

(e)     any other category of information hereinafter given confidential status by the Court.

Any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used by the parties herein and any other person bound under this Order solely for the purpose of this litigation.

3.      With respect to any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either on the record during the deposition or within five days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" "or Highly Confidential Information Governed by Protective Order" by the reporter.  Unless otherwise authorized in writing by a producing party, the entire contents of any deposition transcript of any present or former officer, employee, agent, or consultant of a producing party shall be treated as "Confidential" for a period of five days after a full and complete transcript of said deposition has been received by all parties.

4.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as "Confidential" Discovery Material he may so designate by notifying all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential – Attorneys Eyes' Only" designation within two business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person, except to:

(a) the parties to this action and, with respect to Discovery Material designated as "Confidential" that was produced by a non-party, also to such non-party;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in substantially the form annexed as Exhibit A hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its support personnel; and

(i) any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 2 above, agrees in writing may have access to such Discovery Material.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with

a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. Either of the parties may designate especially sensitive and proprietary Discovery Material as "Highly Confidential – Attorneys' Eyes Only." This designation shall be made as sparingly as possible and all Discovery Material requiring this designation shall bear a legend having the words "Highly Confidential – Attorneys' Eyes Only," "Confidential – Attorneys' Eyes Only," or words of similar import. Any Discovery Material which is designated "Highly Confidential – Attorneys' Eyes Only" shall be subject to all of the same provisions in this Order that apply to Discovery Material designated as "Confidential" and, further, may only be disclosed to the attorneys that have signed this Protective Order. The parties to this action under paragraph 5(a) above shall not have access to material or information designated as "Highly Confidential – Attorneys' Eyes Only."

8. All Confidential or "Highly Confidential – Attorneys' Eyes Only" Discovery Material that a Party intends to file with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or "Highly Confidential – Attorneys' Eyes Only" Discovery Material must follow the procedures set forth in L.R. 1.11.

9. Any party who objects to any designation of confidentiality, or who requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. ~~If agreement cannot be reached promptly, counsel for all affected~~

This Order does not authorize sealing under Local Rule 1.11(b). *JBT*

~~persons shall email the judge's clerk with a summary of the dispute, and proceed as directed by the Court.~~

10.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or "Highly Confidential – Attorneys' Eyes Only". The Court also retains discretion whether or not to afford confidential treatment to any Confidential or "Highly Confidential – Attorneys' Eyes Only" Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.    Each person who has access to Confidential or "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.    If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned

or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information, however, they may not assert as a ground for entering such an Order the fact of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within thirty days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. Nothing contained in this Order shall in any way restrict any party's use of its own Confidential or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. Nor shall anything in this Order preclude any party from using any materials produced or provided to it during the litigation derived from, containing, or otherwise referencing a party's own Confidential Discovery Material. For the purposes of this provision, a party's own Confidential Discovery Material means that Confidential Discovery Material in which that party asserts a confidentiality privilege.

19.     This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

20.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**DONE AND ORDERED** in Chambers this 24th day of July, 2023.

United States ~~District Court~~ Judge
Λ
Magistrate

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 23-cv-00551-BJD-JBT

LUXOTTICA GROUP S.p.A., an Italian corporation,
OAKLEY, INC., a Washington corporation, and
COSTA DEL MAR, INC., a Florida corporation,

  Plaintiffs,

v.

BEEMER & ASSOCIATES III, LLC, a Florida limited
liability company, ATLANTIC SELF STORAGE, LLC,
Florida limited liability company d/b/a "BEACH BLVD.
FLEA MARKET", MAHMOUD ASHOURIAN and
ELAINE ASHOURIAN, individually.

  Defendants.
_____/

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Stipulated Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential or "Highly Confidential Attorneys' Eyes Only" I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court.

_____

(Signature)

4881-7701-7713, v. 1